UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ONNIE MACK | CIVIL ACTION NO. 14-962-P |
| VERSUS | JUDGE FOOTE |
| WARDEN JAMES ROGERS | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Onnie Mack ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on May 7, 2014. Petitioner is incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. She challenges her state court conviction and sentence. She names Warden James Rogers as respondent.

On March 4, 1994, Plaintiff pleaded guilty to one count of first degree murder in Louisiana's Twenty-Sixth Judicial District Court, Parish of Webster. She was sentenced on March 4, 1994, to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) she was denied effective assistance of counsel (11 claims); (2) her rights were violated by law enforcement and government

officials (2 claims); and (3) she was denied democratic process.

For the reasons that follow, Petitioner is not entitled to the relief requested and her petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). However, where a state prisoner's federal habeas petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); Flanagan v. Johnson, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In this case, Petitioner's conviction and sentence became final in 1994, prior to the enactment of the AEDPA. Petitioner was convicted and sentenced on March 4, 1994. Petitioner did not seek direct review of her conviction and sentence. Thus, her conviction and sentence became final on April 3, 1994, when the delay for filing for an appeal expired and no appeal was filed. See La. C.Cr.P. art. 914.

It does not appear Petitioner filed any state post-conviction relief proceedings during the one-year period from April 24, 1996 through April 24, 1997. Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997. The federal petition currently before the court was received and filed in this court on May 7, 2014, more than 17 years too

late.

In addition, the untimely post-conviction proceedings initiated by Petitioner in 2002, 2009, and 2014 do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  To toll the federal limitation period at all, a petitioner's post-conviction proceedings must be filed within the federal one-year period.  Thus, statutory tolling does not apply in this matter and this case is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues that the federal one-year limitation period should be equitably tolled.  She claims her counsel provided her with ineffective assistance of counsel after her conviction and sentence.  She claims she is illiterate and incompetent.  These claims are without merit

The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate."  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable."  Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

"[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." United States v. Petty, 530 F.3d 361, 366 (5th Cir.2008). Thus, petitioner's ineffective assistance of counsel claim does not justify equitable tolling.

Furthermore, Petitioner has not presented the kind of extraordinary circumstances that would warrant tolling, and she has not shown that she acted with reasonable diligence. It may seem harsh to deny equitable tolling, when a prisoner can usually file only one federal petition, with such a serious conviction and lengthy sentence at issue. The Fifth Circuit has not hesitated, however, to reverse a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. Manning v. Epps, 688 F.3d 177 (5th Cir.2012). The Supreme Court also rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. Lawrence v. Florida, 127 S.Ct. 1079 (2007). Petitioner has not presented facts nearly so egregious as found in those cases.

Furthermore, a mere claim of actual innocence does not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations. Cousin v. Lensing, 310

F.3d 843, 849 (5th Cir. 2002); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000). Thus, equitable tolling does not apply in this matter and this case is time barred.

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA. <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d

1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 28st day of October 2015.

Mark L. Hornsby
U.S. Magistrate Judge